Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CENITH LEWIS,

*Plaintiff*,

v.

WAL-MART STORES EAST LP, *et al.*,

*Defendants*.

Civil Action No. 17-11828

**ORDER**

**John Michael Vazquez, U.S.D.J.**

This matter comes before the Court on the February 8, 2019 Report and Recommendation (the "R&R") of Magistrate Judge James B. Clark. D.E. 22. The R&R addressed an application by way of a *sua sponte* order to show cause regarding why Plaintiff Cenith Lewis' Complaint in this matter should not be dismissed for failure to prosecute her claims. The R&R recommends that this Court dismiss Plaintiff's Complaint because Plaintiff failed to comply with multiple orders issued by the Court and "failed to show any inclination to the Court that she wishes to move forward with the current litigation." R&R at 4; and it

**APPEARING** that the parties were advised as to the dates that any objections to this R&R were to be served and filed. *See* R&R at 5; D.E. 23; and it

**APPEARING** that no objections to the R&R have been received and the time for filing any objections has expired[1]; and it

---

[1] Judge Clark ordered that the R&R be served upon the parties by ECF. R&R at 5. When the R&R was entered, however, Plaintiff's counsel's motion to withdraw had already been granted. Consequently, it was not clear to this Court whether Plaintiff initially received a copy of the R&R

**APPEARING** that "where no objections are made in regard to a report or parts thereof, the district court will adopt the report and accept the recommendation if it is 'satisf[ied] . . . that there is no clear error on the face of the record.'" *Sportscare of Am., P.C. v. Multiplan, Inc.*, No. 10-4414, 2011 WL 500195, at *1 (D.N.J. Feb. 10, 2011) (quoting Fed. R. Civ. P. 72 Advisory Committee's Notes); and it

**APPEARING** that this Court independently reviewed the record and the R&R, and hereby adopts it as the Opinion of this Court. In adopting the R&R, this Court is mindful of *Hildebrand v. Allegheny County*, 923 F.3d 128 (3d Cir. 2019), which was decided by the Third Circuit after Judge Clark issued the R&R in this matter. In *Hildebrand*, the Third Circuit reiterated that when possible, cases should be decided on the merits. *Id.* at 132. The Third Circuit also echoed Supreme Court guidance and repeated its prior directions that the sanction of dismissal with prejudice is extreme, and "must be a sanction of last, not first, resort." *Id.* (quoting *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 867, 869 (3d Cir. 1984)). Here, given Plaintiff's repeated failure to participate in litigation that she initiated, this Court concludes that Judge Clark appropriately concluded that the *Poulis* factors demonstrate that dismissal is an appropriate sanction;

**THEREFORE**, for the foregoing reasons, and for good cause shown,

**IT IS** on this 16th day of August, 2019,

**ORDERED** that the Court adopts the Report and Recommendation, D.E. 22, in its entirety; and it is further

**ORDERED** that Plaintiff's Complaint is hereby **DISMISSED**; and it is further

---

because Plaintiff does not receive electronic notifications in this matter and is currently proceeding *pro se*. Out of an abundance of caution, this Court directed Defendant and the Clerk's Office to serve Plaintiff with copy of the R&R via regular and certified mail and provided Plaintiff with additional time to file any objections. D.E. 23. Plaintiff received the additional copy of the R&R (D.E. 26) and has yet to file any objection.

**ORDERED** that the Clerk of the Court is directed to close this matter.

                                                  _____
                                                  John Michael Vazquez, U.S.D.J.